### Tamar Derrington *et al.* v. C. S. Conrad.

#### No. 319.

Supersedeas Bond— *Conditions Imposed by Court, Nugatory, When.* A condition in the supersedeas bond required by the trial court, but not by the statute, and in excess thereof, is nugatory and will not be enforced.

Error from Saline district court; R. F. Thompson, judge. Opinion filed June 20, 1898. Reversed.

*Mohler & Hiller*, for plaintiffs in error.

*Bond & Osborn*, for defendants in error.

The opinion of the court was delivered by

Mahan, P. J.: The defendant in error, Conrad, sued the plaintiffs in error in the district court of Saline county, upon a supersedeas bond, to recover interest upon $1500 from the date of the judgment in

the case in which the bond was given. The petition alleges that the plaintiff, Conrad, on the 16th day of October, 1891, in an action then pending in the Saline county district court, wherein George W. Jones, as secretary of the Odd Fellows' Benefit Association, was plaintiff, and he and Tamar Derrington and others were defendants, recovered a judgment against his codefendants ordering the payment to him of $1500 which had been deposited in court by Jones to abide the result of the action, and for costs.

It appears to have been a controversy between the defendants as to who was entitled to the benefit of a certificate of insurance, and that the association had brought the suit, bringing in all the contestants for the fund, to determine to which of them the money belonged. The petition further recites, that in order to stay the execution of the judgment and suspend the operation of the order for the payment of the money to Conrad, Tamar Derrington, with Alexander Schultz and T. H. Derrington, gave the bond sued upon in this case, under the provisions of the first subdivision of section 591 of the code. This subdivision provides that the bond shall be conditioned to pay the condemnation money and costs in case the final order or judgment shall be affirmed in whole or in part.

In addition to the condition required by the statute, it appears that the court required and Derrington gave bond with the additional condition as follows : "and interest on said $1500 from the date of said judgment," and the bond concludes as follows : "in case the judgment or final order aforesaid shall be affirmed in whole or part by the supreme court of the state of Kansas." The petition further alleges that this judgment awarding the money to Conrad was afterward affirmed by this court.

To this petition the defendants, now plaintiffs in error, joined in a demurrer, on the ground that the petition did not state facts sufficient to constitute a cause of action against them. The demurrer was overruled and the plaintiffs in error excepted, and bring the case here for review on the order of the court overruling the demurrer. So that the only question presented is, Does the petition state facts sufficient to constitute a cause of action?

The contention of counsel for plaintiffs in error is, (1) that the requirement of the court to insert and the insertion of the additional condition in the bond were without authority of law, and this condition is, therefore, nugatory, and hence imposes no obligation upon them; and, (2) that there has been no breach of the condition of the bond, inasmuch as the judgment or order of the court awarding the money to Conrad has never been affirmed, either in whole or in part, by the supreme court of the state of Kansas. The bond in other respects conforms to the statute. Tamar Derrington had the benefit of the bond as a supersedeas and can be compelled to respond thereunder to any obligation imposed upon her by the statute itself, but no further. The judgment itself bore no interest and Tamar Derrington owed nothing to Conrad. This additional condition added something to the judgment of the court, or any judgment that the court was authorized to render in the case in the original suit. A supersedeas bond given under this provision of the statute would cover the interest on a judgment, if interest followed the judgment as a matter of law or was a part of the judgment.

The failure to pay the interest on the $1500 awarded to Conrad was not a breach of any condition which the court could impose, or that the law did impose

upon Tamar Derrington, as a right to prosecute a pro-
ceeding in error with a stay of proceedings in the trial
court. (*Kountze v. Omha Hotel Co.*, 107 U. S. 378.)

This conclusion renders it unnecessary for us to de-
termine the second contention.

The district court should have sustained the demur-
rer.   Its judgment is reversed, with direction so to do.